# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | |
|---|---|---|
| VANESSA F. EDWARDS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00150 |
| | § | |
| UNITED STATES CUSTOMS AND | § | |
| BORDER PROTECTION, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

The United States of America, (hereinafter referred to as "United States"), on behalf of Defendant U.S. Deparment of Homeland Security, and on behalf of Defendants U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security Office of Inspector General, and U.S. Department of Homeland Security Office of Biometrics Identity Management, component agencies of the United States Department of Homeland Security, by and through Ryan Patrick, United States Attorney for the Southern District of Texas, files this Answer to the Complaint ("Complaint", Docket No. 1) of Vanessa F. Edwards ("Plaintiff"), and would respectfully show the Court as follows:

    1 - 2.  With regard to Paragraphs 1 and 2 of the Complaint, the United States admits, as alleged in the Complaint, that this is a suit brought by Plaintiff to compel Defendants to produce records and documents, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, *et seq*., and that this court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1331 and 1346, and that venue is proper in the Southern District of Texas.

1

3.  With regard to Paragraph 3 of the Complaint, Defendants are without sufficient information at this time to admit or deny the allegations contained therein.

4 - 10.  With regard to Paragraphs 4 through 10 of the Complaint, the United States admits Defendants are agencies of the United States responsible for, *inter alia*, protecting the security of the United States, and enforcing border security and federal immigration laws in particular, and/or assisting or overseeing one other in the course of carrying out their statutory duties, and all are agencies within the meaning of 5 U.S.C. § 522(f)(1), and that each has control over its own records.

11 - 12.  With regard to Paragraphs 11 and 12 of the Complaint, Defendants are without sufficient information at this time to admit or deny the allegations contained therein, and so they are denied at this time.

13.  With regard to Paragraph 13 of the Complaint, Defendants are without sufficient information at this time to admit or deny the allegations contained therein, except to admit that Plaintiff was in federal custody during some portion of June, 2016.  This response will be supplemented as additional information becomes available.

14.  With regard to Paragraph 14 of the Complaint, Defendants are without sufficient information at this time to admit or deny the allegations contained therein.  This response will be supplemented as additional information becomes available.

15.  Defendants admit the first two sentences of Paragraph 15 of Plaintiff's Complaint. Defendants are without sufficient information to admit or deny the allegations contained in the last sentence of this Paragraph.

16.  With regard to Paragraph 16 of the Complaint, Defendants are without sufficient information at this time to admit or deny the allegations contained therein.

17 - 21.  In Paragraphs 17 through 21, Plaintiff sets forth statements regarding Plaintiff's understanding of the legal effect of the FOIA statute.  As such, no response is required by Defendants.

22 – 26.  Defendant CBP admits the allegations set out in Paragraphs 22 through 26 of Plaintiff's Complaint.

27.  Defendants admit the first and third sentences of Paragraph 27 of Plaintiff's Complaint, and deny the second sentence.

28.  With regard to Paragraph 28 of Plaintiff's Complaint, the allegations contained in the first sentence consist of Plaintiff's description of its FOIA request, dated September 20, 2019, to which no response is required.  To the extent that a response is required, Defendant ICE admits it received Plaintiff's FOIA request at some point in time following September 20, 2019, and respectfully refers the court to the FOIA request for a complete and accurate statement of its contents.  With respect to the allegations contained in the second and third sentences of paragraph twenty-eight, Defendant ICE admits that it has not acknowledged receipt of Plaintiff's FOIA request, dated September 20, 2019, and denies the remaining allegations.

29.  The allegations contained in paragraph twenty-nine consist of Plaintiff's description of its FOIA request dated October 29, 2019, to which no response is required.  To the extent that a response is required, Defendant ICE admits that it received Plaintiff's FOIA request dated October 29, 2019, and respectfully refers the court to the FOIA request for a complete and accurate statement of its contents.

30. The allegations contained in paragraph thirty consist of Plaintiff's description Defendant ICE's acknowledgment letter to Plaintiff, to which no response is required.  To the extent that a response is required, Defendant ICE admits that sent an email on October 31, 2019,

acknowledging Plaintiff's FOIA request dated October 29, 2019, and respectfully refers the court to the email for a complete and accurate statement of its contents.

31. The allegations contained in the first and second sentences of paragraph thirty-one consist of Plaintiff's description of its FOIA appeal letter, dated May 29, 2020, to which no response is required. To the extent that a response is required, Defendant ICE admits it received FOIA appeal letter, dated May 29, 2020, on May 29, 2020 and respectfully refers the court to the FOIA request for a complete and accurate statement of its contents. Defendant ICE admits the allegations contained in third sentence of paragraph thirty-one.

32 - 34. With regard to Paragraphs 32 through 34 of Plaintiff's Complaint, Defendants admit Exhibit 12 was sent to Defendant USCIS, and acknowledged per Exhibit 13. Defendants further admit sending Plaintiff's representatives Exhibit 14 and the documents described therein.

35. Defendant ICE admits that it did not sent an acknowledgement letter to the requester regarding the referral of records from Defendant USCIS to Defendant ICE.

36. With respect to the allegations contained in the fourth sentence of paragraph thirty-six, Defendant ICE admits that it has not yet produced the records that were referred by Defendant USCIS, and denies the remaining allegations. Defendant ICE has received the referred records from Defendant USCIS and is currently processing the records for production.

37. With regard to Paragraph 37 of the Complaint, to the extent Plaintiff simply restates her statements set out in Exhibit 16 to the Complaint and the request she claims she made to DHS/OIG, no response is required. Defendant DHS/OIG has no record of having received Plaintiff's Ex. 16, but is currently undertaking an investigation into whether the request was in fact delivered, and this response will be supplemented as further information is obtained. Pending the results of the investigation, the allegations set out in the last two sentences of this paragraph

are denied.

38 - 40.  With regard to Paragraphs 38 through 40 of Plaintiff's Complaint, Defendants admit Plaintiff submitted a FOIA request to DHS/OBIM, per Exhibit 17 to the Complaint, and that the request was acknowledged.  Defendants deny the allegations in these paragraphs that no responsive documents were produced.  Documents responsive to the FOIA request have been provided to plaintiff's counsel on or about June 12, 2020, redacted as per the accompanying transmittal letter, and for the reasons stated in the letter.

41 - 42.  Defendants deny the allegations set out in Paragraphs 41 through 49 of Plaintiff's Complaint.

PRAYER FOR RELIEF.  Plaintiff's prayer for relief is a statement by Plaintiff of the relief requested in the suit, and as such, no response is required.  To the extent a response is required, Defendants deny Plaintiff is entitled to the relief she is seeking.

The United States denies any allegations in Plaintiff's Complaint that are not specifically admitted herein.

WHEREFORE, having fully answered, Defendant United States, on behalf of all named Defendants, prays that Plaintiff's claims for relief be dismissed, that the United States and its agencies be allowed to go hence without day, and for such other and further relief to which the United States and its agencies shows themselves to be entitled.

Respectfully submitted,

RYAN PATRICK
UNITED STATES ATTORNEY

By:     */s/ David L. Guerra*

        DAVID L. GUERRA
Assistant United States Attorney
Southern District of Texas
1701 West Highway 83, Suite 600
McAllen, Texas 78501-5160
Phone (956) 618-8010
Fax No.: (956) 618-8016
Texas State Bar No.: 08575200
Southern District of Texas No. 14435

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Answer was, on the 29th of July, 2020, served electronically pursuant to the ECF rules of the Southern District of Texas (and/or on the same day emailed) to the following:

Ranjana Natarajan
The University of Texas School of Law
Civil Rights Clinic
727 E. Dean Keeton Street
Austin, TX 78705
Email: rnatarajan@law.utexas.edu

Lauren Joyner
TEXAS RIOGRANDE LEGAL AID, INC.
316 S. Closner Blvd.
Edinburg, TX 78539
Email: ljoyner@trla.org

Sofia Meissner
TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, TX 79901
Email: smeissner@trla.org

        */s/ David L. Guerra*
        DAVID L. GUERRA
        Assistant United States Attorney